RECEIVED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DEC 10 2009

AT 8:30_____M
WILLIAM T. WALSH
CLERK

| UNITED STATES OF AMERICA | : | Hon. |
| --- | --- | --- |
| v. | : | Crim. No. 09- 912 (JAP) |
| DANIEL M. VAN PELT | : | 18 U.S.C. §§ 666(a)(1)(B), 981(a)(1)(C), 1951(a) and § 2; 28 U.S.C. § 2461 |

### INDICTMENT

The Grand Jury in and for the District of New Jersey, sitting at Trenton, charges:

### COUNT 1
(Attempt to Obstruct Commerce by
Extortion Under Color of Official Right)

1. At all times relevant to Count 1 of this Indictment:

   a. Defendant DANIEL M. VAN PELT ("defendant VAN PELT"):

   (i) served as an elected member of the New Jersey General Assembly representing New Jersey's Ninth Legislative District, a district that included Ocean Township, New Jersey, and Waretown, an area within Ocean Township. As an Assemblyman, defendant VAN PELT's official duties included: (A) proposing, voting on, and drafting legislation; (B) conducting and participating in committee hearings, including as a member of the Committee on the Environment and Solid Waste (the "Environmental Committee"); (C) exercising legislative oversight and discretion concerning State of New Jersey agencies and departments,

including as a member of the Environmental Committee which oversaw the activities of the New Jersey Department of Environmental Protection ("DEP"); (D) making recommendations to, and negotiating with, State of New Jersey agencies and departments; and (E) providing constituent services to New Jersey citizens and organizations, which services included bringing the merits of a citizen's position to the attention of State of New Jersey agencies and departments and making a recommendation on a matter or indicating support for a citizen's position to State agencies or departments. As a member of the New Jersey General Assembly, defendant VAN PELT was in a position to utilize his official influence, and did use such influence, with municipal government officials within the district that he represented, as well as with State of New Jersey agencies and departments;

(ii) served, until on or about February 28, 2009, as an elected member of the Township Committee for Ocean Township and as Mayor, a position elected by the members of the Township Committee. Until on or about February 28, 2009, defendant VAN PELT additionally served as one of three members of the Ocean Township Redevelopment Agency, a municipal redevelopment agency which had the authority, among other things, to engage in redevelopment projects in Ocean Township, including by the dissemination of Requests for Proposal ("RFP") seeking developers to participate in redevelopment within Ocean Township; and

(iii) was further employed as Township Administrator for Lumberton Township, New Jersey.

b. The municipal government of Ocean Township, New Jersey, sought to develop a Town Center in Waretown (the "Waretown Town Center"), solicited development proposals in furtherance thereof, and promoted other development opportunities in and around Ocean Township.

c. The DEP administered the New Jersey Coastal Area Facility Review Act ("CAFRA"), a law that required developers to obtain permits from DEP in conjunction with development in certain New Jersey coastal areas, to include Ocean Township.

d. There was a cooperating witness (the "CW"), who held himself out as a real estate developer interested in development in Ocean County, New Jersey, to include specific areas within the legislative district of defendant DANIEL M. VAN PELT. The CW represented that the CW did business in numerous states, including New York and New Jersey, and paid for goods and services in interstate commerce.

2. It was part of the corrupt activity that, during conversations recorded by federal law enforcement authorities and otherwise, defendant VAN PELT agreed to exercise and attempt to exercise official action and influence as specific opportunities arose to: (i) obtain development approvals for the CW from the DEP; (ii) secure favorable treatment from the municipal

- 3 -

government of Ocean Township in furtherance of the CW's development interests; and (iii) otherwise use his official position and influence for the benefit of the CW, in exchange for money for the benefit of defendant VAN PELT as set forth below:

    a.    On or about February 11, 2009, defendant VAN PELT met with the CW at a restaurant in Waretown, New Jersey. Defendant VAN PELT was informed by the CW that the CW was interested in developing real estate in Waretown, and the surrounding areas. During this meeting, defendant VAN PELT:

    (i) explained to the CW that to develop certain properties in Ocean County, the CW would need to acquire a CAFRA permit for such properties from the DEP;

    (ii) stated that Waretown was in defendant VAN PELT's legislative district, and that consequently, defendant VAN PELT could assist the CW with the CW's real estate development interests there;

    (iii) suggested to the CW that "you guys should hire me as a consultant," to which the CW responded that CW was neither a Democrat nor a Republican, but was a member of the "green" party and that "green is cash." When the CW asked defendant VAN PELT, "you understand green party," defendant VAN PELT replied, "sure . . . I got it;" and

    (iv) discussed with the CW the possibility of defendant VAN PELT's accepting an initial $10,000 from the CW and

more money from the CW if the CW's real estate development projects proceeded successfully.

      b. On or about February 21, 2009, defendant VAN PELT and the CW met at a restaurant in Atlantic City, New Jersey. During this meeting, defendant VAN PELT:

      (i) described obtaining CAFRA permits for the Waretown Town Center project as "challenging but doable" and agreed with the CW when the CW replied that defendant VAN PELT knew "the right guys;"

      (ii) responded "that's my whole m.o.," when the CW stated that he liked people that "stay[ed] low key, under the radar like you;"

      (iii) asked the CW "what do you want me to do for you?" When the CW stated that he was particularly concerned about obtaining CAFRA permits from the State of New Jersey, defendant VAN PELT replied, "well, the only thing I can tell you is that I gotta, I have a pretty good reputation with the State, long before, long before I became an Assemblyman;"

      (iv) stated "we don't want our picture taken" as another restaurant customer took a photograph; and

      (v) accepted a corrupt cash payment of $10,000 from the CW and engaged in the following conversation while accepting the payment:

```
DVP: You let me know what I can do for you, sir --
CW:  Well I want to, you know -
```

> DVP: give me a call.
> CW: Get you on my team. A little something to start [at which point defendant VAN PELT accepted a cash payment of $10,000 in an envelope].
> DVP: Well, I'm, I'm, I'll hold on to it but I don't know what I'm going to do with it.
> CW: Okay, you know, that let's like we spoke about, you know, the ten thousand.
> DVP: I'm going to hold on to it --
> CW: Okay.
> DVP: And I don't know what I'm going to do with it.
> CW: That's fine.
> DVP: I like ya, I had a nice to be honest ya. I'd do it for free.
> CW: Listen, plenty of guys, free, this, that, but you know, it's America, one hand, you help me, I help you. That's it, but that's just the beginning --
> DVP: But I'll --
> CW: It will be more and more.
> DVP: Be straight with you about what we can and can't do, and you know, if we run into problems I'll tell you in advance.
> CW: Okay, that's all I appreciate.
> DVP: I don't want you to spin your wheels.
> CW: Yeah, of course. I don't want to lay twenty, thirty million dollars out.
> DVP: I agree.
> CW: I'm telling you, DEP and CAFRA that's where I need my most assistance.
> DVP: Alright. Well you call me anytime.
> CW: Okay, we'll go out again.
> DVP: And have, and have your engineer call me too, if he wants.

  c. On or about February 23, 2009, defendant VAN PELT deposited and caused to be deposited $5,500 in cash received from the CW into defendant VAN PELT's personal bank account at TD Bank in Lumberton.

  d. On or about March 1, 2009, defendant VAN PELT

deposited and caused to be deposited $4,400 in cash received from the CW into defendant VAN PELT's personal bank account at TD Bank in Barnegat.

  e. On or about March 30, 2009, defendant VAN PELT met with the CW at a diner in Waretown, New Jersey. During this meeting, defendant VAN PELT:

    (i) stated that he would check the date that submissions were due for the Waretown Town Center project. The CW later requested that defendant VAN PELT inquire about delaying the due date for submissions;

    (ii) informed the CW that a senior Ocean Township official ("the Official") was "leaning toward" a competing developer and stated that defendant VAN PELT wanted to review the CW's submission for the Waretown Town Center project before the CW submitted the proposal;

    (iii) indicated that he could expedite CAFRA permits for the CW, as follows:

```
CW:   And the DEP, CAFRA, all that stuff, will be a
      smooth ride you think, CAFRA permits?
DVP:  I do.
CW:   You can help me expedite my application and
      stuff?
DVP:  Uh-huh [nodding in agreement].
CW:   This way, when I submit something, it doesn't
      sit on the bottom of the pile for two or
      three years, right?
DVP:  Yup.
CW:   You know.
DVP:  I got um, I was able to get somebody a CAFRA
      permit in six months.
CW:   Which is astonishing.
```

>       DVP: They did, they did pretty good, yup.
>       CW:  What's it usually two, three years and they
>            take your blood, right?
>       DVP: Yup [nodding in agreement].
>       CW:  So you know all the right guys.
>       DVP: Well, you know, you know how it is, work the
>            channels.

(iv) in reference to the "envelope" containing the $10,000 in cash that he previously had accepted from the CW, defendant VAN PELT stated that he would return the corrupt payment to the CW if defendant VAN PELT did not "deliver" on the use of his official position and influence for the benefit of the CW.

f.   On or about April 3, 2009, defendant VAN PELT sent an electronic mail message to the CW indicating that defendant VAN PELT had arranged for Ocean Township to delay the submission date for developers to submit proposals for the Waretown Town Center project.  That electronic mail, in part, stated:

>       David - I hope you're enjoying your holiday.
>       Some news.  I have managed to get the RFP
>       date pushed off - so we should still be
>       putting a proposal together.

g.   On or about May 15, 2009, defendant VAN PELT met with the CW at a diner in Waretown, New Jersey.  During this meeting, defendant VAN PELT indicated that he could exercise his official discretion in favor of the CW as follows:

>       DVP: Is there anything I can do there for you?
>       CW:  Well, on the State level, the DEP.
>       DVP: Okay.
>       CW:  You know, you hear a lot of horror stories in
>            New Jersey.

```
DVP: They don't change.
CW:  I don't care what happens, I care about my
     stuff.
DVP: You'll be alright.
CW:  How does that work, what happ-, what happ -,
     let's say we have fifteen, twenty different
     applications, what do you do?
DVP: Make a few phone calls, ask them to, you
     know, move them to the top of the pile.
CW:  It won't sit for three years on the bottom --
DVP: No.
CW:  While I'm holding a fifty million dollar
     property, right?
DVP: And then what I would do is, I'll go actually
     sit, you got to go sit down and physically
     meet with them.
CW:  So you'll get all that stuff expedited?
DVP: Yeah.
CW:  Okay, I don't want to be on the bottom of the
     pile. You know, as long, you know, as long
     as I'm not on the bottom of the pile, and you
     can expedite it, that's all I ask for.
DVP: Just tell them, listen, just tell us what we
     need to do.
CW:  And get it done.
DVP: And we'll get it done. Don't, you know,
     don't take us to death down the road. And,
     you know, listen, I have a pretty good
     relationship with a lot of people over there.
CW:  You're the man, they've known you for a long
     time.
DVP: Yeah.
CW:  You're staying in the Assembly?
DVP: Um-hmm.
CW:  You're not moving anywhere?
DVP: Not yet.
CW:  So this is your district?
DVP: Yes.
CW:  So, when you call them for something over
     here, they'll listen to you.
DVP: [nods in agreement] We're fine. Yup.
```

    h.    On or about May 22, 2009, defendant VAN PELT met with the CW and the Official at a restaurant in Waretown, New Jersey. Defendant VAN PELT had previously arranged for the

- 9 -

Official to be present at the meeting. During this meeting, defendant VAN PELT, among other things, introduced the CW to the Official, described the CW's purported development interests to the Official, and suggested to the Official that the CW make a presentation during "executive session" of the Ocean Township municipal government.

3. From in or about January 2009 to on or about July 23, 2009, in the District of New Jersey, and elsewhere, defendant

DANIEL M. VAN PELT

knowingly and willfully did attempt to obstruct, delay and affect interstate commerce by extortion under color of official right--that is, by corruptly agreeing to obtain and obtaining money, from the CW with consent, in exchange for defendant DANIEL M. VAN PELT's official action and influence as specific opportunities arose.

In violation of Title 18, United States Code, Section 1951(a) and Section 2.

## COUNT 2

### Acceptance and Agreement to Accept Payments to Influence and Reward

1. Paragraphs 1 and 2 of Count 1 of this Indictment are hereby incorporated and realleged as if fully set forth herein.

2. At all times relevant to Count 2 of this Indictment, the State of New Jersey received in excess of $10,000 in federal assistance in a one-year period.

3. From in or about January 2009 to on or about July 23, 2009, in the District of New Jersey, and elsewhere, defendant

DANIEL M. VAN PELT

did knowingly, willfully and corruptly solicit and demand for the benefit of himself, and accept and agree to accept, $10,000 in cash from another, intending to be influenced and rewarded in connection with a business, transaction and series of transactions of the State of New Jersey involving a thing of value of $5,000 and more.

In violation of Title 18, United States Code, Section 666(a)(1)(B) and Section 2.

## Forfeiture Allegation

As the result of committing the aforementioned offense in violation of Title 18, United States Code, Section 1951(a), as alleged in Count 1 of this Indictment, defendant VAN PELT shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense, including but not limited to, approximately $10,000 in United States currency, in that such sum constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the attempted obstruction of interstate commerce by extortion under color of official right, in violation of Title 18, United States Code, Section 1951(a).

If any of the above-described forfeitable property, as a result of any act or omission of defendant VAN PELT:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of defendant VAN

PELT up to the value of the above forfeitable property.

In violation of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461.

_____   FOREI                    _____
PAUL J. FISHMAN
UNITED STATES ATTORNEY

CASE NUMBER: _____

# United States District Court
## District of New Jersey

UNITED STATES OF AMERICA

v.

DANIEL M. VAN PELT

# INDICTMENT FOR

18 U.S.C. §§ 666(a)(1)(B), 981(a)(1)(C), 1951(a), and § 2; 28 U.S.C. § 2461

*A True Bill*

**PAUL J. FISHMAN**
*U.S. ATTORNEY*
*NEWARK, NEW JERSEY*

DAVID A. BOCIAN
ASSISTANT U.S. ATTORNEY
609-989-2190